

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-138-CR

MICHAEL BLAKE BOURNE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

### MEMORANDUM OPINION[1]

------------

On April 1, 2009, the trial court entered judgment on the jury's verdict after the jury found Appellant Michael Blake Bourne guilty of aggravated assault with a deadly weapon and assessed twenty-eight years' confinement as punishment. Bourne did not file a motion for new trial; therefore, his notice of appeal was due May 1, 2009. *See* Tex. R. App. P. 25.2(b), 26.2(a)(1).

---

[1] *See* Tex. R. App. P. 47.4.

On June 4, 2009, we notified Bourne's appellate counsel of our concern that we lacked jurisdiction over this appeal because Bourne's notice of appeal was not filed in the trial court until May 4, 2009.[2] We informed him that the appeal was subject to dismissal for want of jurisdiction unless he filed a response on or before June 15, 2009, advising us whether the mailbox rule would apply in this case. *See* Tex. R. App. P. 9.2(b). Bourne's appellate counsel's reply, dated June 8, 2009, and received by the court on June 9, 2009, fails to provide this court with a basis to exercise jurisdiction.

A notice of appeal that complies with the requirements of rule 26 of the rules of appellate procedure is essential to vest this court with jurisdiction over an appeal. *See* Tex. R. App. P. 26.2(a)(1); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). The court of criminal appeals has expressly held that without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("When a notice of appeal is filed within the fifteen-day period [in rule 26.3] but no timely motion for extension of time is

---

[2] Rule 26.3 states that the appellate court may extend the time to file a notice of appeal if, "*within 15 days* after the deadline for filing the notice of appeal, the party:  (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)."  Tex. R. App. P. 26.3 (emphasis added).  Bourne's motion for an extension of time would have been due Monday, May 18, 2009. *See id.*

2

filed, the appellate court lacks jurisdiction."). Here, we lack jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. *See id.* at 523. Therefore, we must dismiss the appeal for lack of jurisdiction.[3] *See* Tex. R. App. P. 26.2(a)(1), 43.2(f).

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2009

---

[3] Although we have determined that we do not have jurisdiction over Bourne's appeal, he is not without a remedy. The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the court of criminal appeals pursuant to article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008); *Olivo*, 918 S.W.2d at 525 n.8; *Wright v. State*, No. 02-05-00076-CR, 2005 WL 1594367, at *1 n.2 (Tex. App.—Fort Worth July 7, 2005, no pet.) (mem. op., not designated for publication).